```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA

                    Alexandria Division

ALEXANDRA WOLF, et al.        )
                              )
     Plaintiffs,              )
                              )
          v.                  )     1:06cv945 (JCC)
                              )
FAUQUIER COUNTY BOARD OF      )
     SUPERVISORS, et al.      )
                              )
     Defendants.              )
```

## **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendants' motion to dismiss. For the following reasons, the Court will grant Defendants' motion with respect to Counts VI and XI, and deny Defendants' motion on all other counts.

### I.  Background

Plaintiffs, Alexandra Wolf ("Wolf") and her two children, have commenced this action to recover for alleged violations of their constitutional rights arising from the removal of the children from Wolf's custody and other actions taken by the Fauquier County Department of Social Services ("DSS"). Plaintiffs have brought action against the Fauquier County Board of Supervisors, as well as Mimi deNicolas ("deNicolas"), Stephanie Duncan ("Duncan"), LaTeeka Tutwiler ("Tutwiler"), Beth Stevens ("Stevens"), and Chrysalis Counseling

Center, P.C. ("Chrysalis").  The facts, as alleged by Plaintiffs, are as follows.

In August 2005, Wolf was suffering from panic attacks, and sought treatment at Chrysalis with Stephens, a life coach. During a session with Stephens, Wolf informed Stephens of stress she was currently undergoing, and described how she had, in the past, considered suicide.  Wolf specified that she was not currently considering suicide and did not intend to harm herself or her children.

After this conversation, on August 17, 2005, Stephens and Chrysalis contacted the Fauquier County Sheriff's Office ("Sheriff's Office") and deNicolas at the DSS and informed them that Wolf was contemplating suicide and was a threat to her children.  Once aware of this complaint, Wolf contacted her attorney, David Silek ("Silek") and asked for his assistance. Silek contacted the Sheriff's Office and convinced the Office to terminate its investigation, and that Wolf posed no threat to herself or her children.  The next day, three DSS social workers–Tutwiler, Duncan, and deNicolas–were sent to the Wolf residence.  When they arrived, Wolf greeted them at the door with her attorney Silek on the phone.  Silek spoke to deNicolas and informed her that Wolf was not suicidal and posed no threat to her children.

After meeting with the social workers, Wolf signed, but noted a written objection to, a form permitting the children to be placed with a friend pending an additional meeting with the social workers. Wolf and Silek met with the social workers the next morning, and explained why they believed the information given to the DSS was false. The social workers then informed Wolf that the children would be returned if she were cleared by a psychiatrist.

The social workers filed a petition in Fauquier County Juvenile & Domestic Relations ("J&DR") Court to have a guardian *ad litem* appointed to supervise Wolf and her fitness as a parent, which the court granted. The case was dismissed after further negotiations with Silek, and the completion of a psychiatric evaluation which determined that Wolf did not pose a danger to herself or the children.

Plaintiffs seek to recover for alleged violations of constitutional rights, malicious prosecution, false imprisonment, denial of substantive and procedural due process, denial of familial rights, and civil conspiracy. Defendants filed a motion to dismiss all claims with prejudice. This motion is currently before the Court.

## II.  Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30

F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) (citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### III.  Analysis

#### A.  Fauquier County Board of Supervisors

Defendants argue that Fauquier County Board of Supervisors is not a proper party to this suit, but instead, that Commissioner of Social Services ("Commissioner") and the State Board of Social Services ("State Board") should be Defendants since they oversee policy and supervise the local departments of social services.  Both parties mistakenly focus significantly in their briefs on the issue of whether the Commissioner and State Board are proper defendants.  However, the question before this Court is not whether Commissioner and the State Board would be proper defendants, but whether the Fauquier County Board of Supervisors is improper.

Defendants do not argue that the Board of Supervisors has no connection to the claims by Plaintiffs, but only that Plaintiffs have alleged insufficient allegations to proceed against the Board of Supervisors.  In support of this argument, Defendants cite *Jordan by Jordan v. Jackson*, in which the Fourth

Circuit held that a municipality is liable for the conduct of its agents "when the execution of the government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." 15 F.3d 333, 37-38 (4th Cir. 1994)(citations omitted). Plaintiffs therefore must "adequately plead and prove the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights." *Id*. at 338.

Plaintiffs do not dispute this requirement to prevail on a claim against a municipality, in fact, they wholly agree. However, Plaintiffs argue that at this point, before discovery, it is impossible for them to identify the exact provision of municipal policies or customs that might be responsible for their injuries.

Although not notably precise, Plaintiffs do allege violations of policies and custom in each of their counts against Fauquier Board of Supervisors. Specifically, for Counts VI through X,

> Plaintiffs allege that Defendant Fauquier County is liable for the actions of its employees, as these acts were (1) committed pursuant to official DSS policy, (2) approved by the final policymaker within DSS with discretionary authority, and (3) because the actions were the result of the inadequate training or supervision of the individual DSS Defendants, and/or (4) because the individual DSS Defendant's actions were the result of a

5

> custom of tolerance by DSS of violations of federal rights by DSS employees.

Complaint ¶ 123, 130, 138, 144, 150, 156.  The Fourth Circuit has not been explicitly clear on just how specific the pleading must be when referencing a policy or custom.  However, in reviewing the decisions on the issue, it appears that so long as the complaint mentions that a policy or custom of the municipality was the proximate cause of the violation of the plaintiff's rights, it will be considered adequate.  *See e.g., Jordan,* 15 F.3d at 340; *Edwards v. City of Goldsboro*, 178 F.3d 231, 245 (4th Cir. 1999).  To the contrary, when a plaintiff's complaint fails to provide any mention of a County policy or custom, it is deemed insufficient.  *See e.g., Semple v. City of Moundsville*, 195 F.3d 708 (4th Cir. 1999).  Therefore, in holding Plaintiffs' complaint to this light, this Court must find that it provides adequate notice and satisfies the requirement for stating a claim against the County Defendants under § 1983.  Accordingly, the motion to dismiss the allegations against the Fauquier County Board of Supervisors as a defendant will be denied.

    B.  <u>Count VI: Malicious Prosecution</u>

To state a claim for malicious prosecution pursuant to 42 U.S.C. § 1983, a plaintiff must allege the common law elements of a malicious prosecution claim arising from a deprivation of Fourth Amendment rights. *Lambert v. Williams,* 223 F.3d 257, 260

(4th Cir. 2000). Under Fourth Circuit law, the common law elements, (1) initiation or maintenance of a proceeding against the plaintiff by defendants; (2) lack of probable cause to support that proceeding; (3) termination of that proceeding favorable to plaintiff; and (4) malice on the part of the defendant, must arise from an unreasonable seizure. *Id.* at 260, 262.

### i. Count VI Should be Dismissed for Failure to State a Fourth Amendment Violation

In this case, Defendants do not contest that Plaintiffs properly pled the common law elements of malicious prosecution, but move to dismiss the count for failure to allege an unreasonable seizure that occurred after proceedings were initiated. A seizure occurs in the Fourth Amendment context when a reasonable person would not feel free to disregard the authorities and leave and go about his business. *Florida v. Bostick,* 501 U.S. 429, 434 (1991). Plaintiffs somehow seek to expand the realm of Fourth Amendment seizures to include examinations by a psychiatrist and participation in counseling as well as required interviews between her children and DSS. This argument is without merit. Plaintiffs have failed to allege any acts which constitute an unreasonable seizure as part of the proceedings against her, and have thus failed to state a claim for malicious prosecution.

### ii. Absolute Immunity is Inapplicable

Absolute immunity exempts government officials from liability for "activities intimately associated with the judicial process," such as activities that constitute the functional equivalent of those engaged in by judges, advocates, and witnesses. *Vosburg v. Dep't of Soc. Servs.,* 804 F.2d 133, 136 (4th Cir. 1989). However, *Vosburg* also states that immunity only extends to prosecutorial functions during court proceedings, and there is no immunity for investigations conducted by social workers. *Id.* at 138. In this case, Plaintiffs have alleged malicious prosecution on the grounds of investigatory and pre-proceeding misconduct. Therefore, the claim is not barred by absolute immunity.

### iii. Qualified Immunity

Under qualified immunity doctrine, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White by White v. Chambliss,* 112 F.3d 731, 736-37 (4th Cir. 1997)(quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). The core question under qualified immunity is whether the defendants "acted reasonably on the law as it stood and on the facts as they were known at the time the action was taken." *Id.* at 739.

Plaintiffs have alleged facts, which, if proven true could amount to unreasonable conduct on the part of Defendants. Plaintiffs have alleged, *inter alia,* that Defendants failed to investigate and arbitrarily acted upon a false suicide report, made misrepresentations to Wolf's children, made false accusations against Wolf, ignored exculpatory evidence, tampered with witnesses, and removed the children from Wolf's home without proper authorization. All of these allegations, if proven true, could amount to unreasonable conduct given the circumstances, and qualified immunity is therefore unwarranted.

Since Plaintiffs' complaint fails to contain sufficient allegations to state a claim for a violation of the Fourth Amendment, it will be dismissed without prejudice. Accordingly, Defendants' motion to dismiss Count VI will be granted.

C. Count VII: False Imprisonment

　　i. Plaintiffs allege a sufficient violation of due process

To impose liability on Defendants for a violation of substantive due process, Plaintiffs' allegations must establish that the conduct is so ill-conceived or malicious that it shocks the conscience. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Gedrich v. Fairfax County Dep't of Family Servs.*, 282 F.Supp. 2d 439, 460 (E.D. Va. 2003)(citations omitted). As stated in the Court's recitation of the standard of

review, in passing on a motion to dismiss, the Court is to take the allegations in the Complaint as true.

Plaintiffs have alleged that the social workers in this case removed Plaintiff's children from her custody in the absence of any danger or cause, but removed them anyway in bad faith. The bad-faith removal of children from their parents by government agents without any cause or danger, if true, meets the "shocks the conscience" standard. Accordingly, Plaintiffs have sufficiently alleged a violation of due process.

### ii.  Absolute Immunity is Inapplicable.

Defendants next argue that absolute immunity bars any cause of action based upon the removal of the children. Absolute immunity exempts government officials from liability for "activities intimately associated with the judicial process," such as activities that constitute the functional equivalent of those engaged in by judges, advocates, and witnesses. *Vosburg,* 804 F.2d at 136. *Vosburg* also states that immunity only extends to prosecutorial functions during court proceedings, and there is no immunity for investigations conducted by social workers. *Id.* at 138. In this case, Plaintiffs have alleged false imprisonment on the grounds of actual removal of the children, which was pre-proceeding misconduct and during the investigation. Therefore, the claim is not barred by absolute immunity.

### iii.  Qualified Immunity is Inapplicable.

Defendants finally argue that Count VII should be dismissed because the social workers are entitled to qualified immunity. As previously summarized in the Court's discussion of Count VI, under qualified immunity doctrine, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White by White,* 112 F.3d at 736-37 (quoting *Harlow,* 457 U.S. at 818). The core question under qualified immunity is whether the defendants "acted reasonably on the law as it stood and on the facts as they were known at the time the action was taken." *Id.* at 739.

Plaintiffs have alleged facts, which, if proven true could amount to unreasonable conduct on the part of Defendants. Plaintiffs have claimed that Defendants removed Plaintiff's children in bad faith, alleging, *inter alia,* that Defendants arbitrarily acted upon a false suicide report, made misrepresentations to Wolf's children, made false accusations against Wolf, ignored exculpatory evidence, tampered with witnesses, and removed the children from Wolf's home without proper authorization. All of these allegations, if proven true, are unreasonable given the circumstances, and qualified immunity is therefore unwarranted.

In sum, Plaintiffs' complaint contains sufficient allegations to state a claim for a violation of substantive due process. Furthermore, neither absolute nor qualified immunity is available to Defendants. Therefore, Defendants' motion to dismiss Count VII is denied.

D.  Count VIII: Denial of Due-Process Removal Hearing

The right to custody of one's children is a well-recognized fundamental right, protected by the Fourteenth Amendment. *See, e.g., Santosky v. Kramer,* 455 U.S. 745, 753 (1982); *Moore v. East Cleveland,* 431 U.S. 494, 499 (1977); *Jordan by Jordan,* 15 F.3d at 342. Plaintiffs allege that a violation of Fourteenth Amendment substantive and procedural due process occurred due to Defendants' taking of Wolf's children from her without a proceeding or removal order. Defendants moved to dismiss this claim on the grounds that the Fourteenth Amendment only applies to proceedings provided under state law, and not to the discretionary discharge of duties by DSS, relying upon *White,* 112 F.3d at 736 and *Weller,* 901 F.2d at 393 to support their position.

However, both of the cases cited present different issues than the matter currently before the Court. In *White*, DSS properly moved for a removal order prior to taking the children from the home. *See White,* 112 F.3d at 736 ("substantive evidence supported the DSS defendants' decision to pursue an order for []

removal.")[1]  *Weller* involved an emergency removal of children upon an actual showing of abuse. 901 F.2d at 391-92.  In this case, Plaintiffs have alleged that Defendants arbitrarily took the children from Wolf without obtaining a removal order in a non-emergency situation with no evidence of child abuse or danger.  These facts, if proven true, would amount to a violation of substantive due process, especially when considered in light of allegations of false charges, false information, witness tampering, and ignoring exculpatory evidence.  Therefore, Defendants' motion on Counts VIII and IX will be denied.

    E.  Count X: Denial of Familial Rights

Defendants argue that Plaintiffs' allegations fail to state a claim of a denial of familial rights "for the same reasons argued and outlined in support of [its] motion to dismiss Counts VI and VII" and argues that the right to familial privacy may be outweighed by a legitimate governmental interest. *Hodge v. Jones*, 31 F.3d 157, 163-64 (4th Cir. 1994)(citations omitted). Plaintiffs' complaint alleges that Defendant's acted in the absence of any legitimate government interest, but instead acted in bad faith in denying her familial privacy.  These allegations are clearly sufficient to meet the minimal bar required for a

---

[1] It is also notable that the *White* decision was a ruling on a motion for summary judgment, not a motion to dismiss like the matter currently before the court.

motion to dismiss, and accordingly, Defendant's motion to dismiss Count X will be denied.

### F.  Count XI: Civil Conspiracy

A corporate entity, which acts only through its agents, cannot conspire with itself, so a conspiracy cannot exist if Defendants were agents of the same principle acting within the scope of agency. *Buschi v. Kirven*, 775 F.2d 1240, 1251 (4th Cir. 1985); *Fox v. Deese,* 362 S.E.2d 699, 708-09 (Va. 1987). Officers or employees of the same organization do not provide the plurality of actors necessary for a civil conspiracy, and immunity is not destroyed by suing the actors in their individual capacities. *Buschi,* 775 F.2d at 1252.

In this case, the alleged conspiracy existed between Defendants deNicholas, Duncan, and Tutwiler, who were all agents of DSS, working within the scope of their duties.[2]  While exceptions to the intracorporate immunity doctrine may exist for actions outside the scope of agency, or undertaken by personal motivation, Plaintiffs have pled no facts which indicate either. Therefore, Defendants' motion to dismiss will be granted with respect to Count XI.

---

[2] Plaintiffs voluntarily nonsuited Count XI as to Defendant Fauquier County Board of Supervisors.

### IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss will be granted with respect to Counts VI and XI, and denied with respect to all other counts.

```
October 17, 2006                    _____/s/_____
Alexandria, Virginia                      James C. Cacheris
                                  UNITED STATES DISTRICT COURT JUDGE
```