```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA

                      Alexandria Division

ALEXANDRA WOLF, et al.          )
                                )
     Plaintiffs,                )
                                )
          v.                    )    1:06cv945 (JCC)
                                )
FAUQUIER COUNTY BOARD OF        )
     SUPERVISORS, et al.        )
                                )
     Defendants.                )
```

## M E M O R A N D U M   O P I N I O N

This matter comes before the Court on Defendants' motion to dismiss Count VI of the Amended Complaint.  For the following reasons, the Court will grant Defendants' motion.

### I.  Background

Plaintiffs, Alexandra Wolf ("Wolf") and her two children, have commenced this action to recover for alleged violations of their constitutional rights arising from the removal of the children from Wolf's custody and other actions taken by the Fauquier County Department of Social Services ("DSS").  Plaintiffs have brought action against the Fauquier County Board of Supervisors, as well as Mimi deNicolas ("deNicolas"), Stephanie Duncan ("Duncan"), LaTeeka Tutwiler ("Tutwiler"), Beth Stevens ("Stevens"), and Chrysalis Counseling Center, P.C. ("Chrysalis").  The facts, as alleged by Plaintiffs, are as follows.

In August 2005, Wolf was suffering from panic attacks, and sought treatment at Chrysalis with Stephens, a life coach. During a session with Stephens, Wolf informed Stephens of stress she was currently undergoing, and described how she had, in the past, considered suicide. Wolf specified that she was not currently considering suicide and did not intend to harm herself or her children.

After this conversation, on August 17, 2005, Stephens and Chrysalis contacted the Fauquier County Sheriff's Office ("Sheriff's Office") and deNicolas at the DSS and informed them that Wolf was contemplating suicide and was a threat to her children. Once aware of this complaint, Wolf contacted her attorney, David Silek ("Silek") and asked for his assistance. Silek contacted the Sheriff's Office and convinced the Office to terminate its investigation, and that Wolf posed no threat to herself or her children. The next day, three DSS social workers-Tutwiler, Duncan, and deNicolas-were sent to the Wolf residence. When they arrived, Wolf greeted them at the door with her attorney Silek on the phone. Silek spoke to deNicolas and informed her that Wolf was not suicidal and posed no threat to her children.

After meeting with the social workers, Wolf signed, but noted a written objection to, a form permitting the children to be placed with a friend pending an additional meeting with the

social workers.  Wolf and Silek met with the social workers the next morning, and explained why they believed the information given to the DSS was false.  The social workers then informed Wolf that the children would be returned if she were cleared by a psychiatrist.

The social workers filed a petition in Fauquier County Juvenile & Domestic Relations ("J&DR") Court to have a guardian *ad litem* appointed to supervise Wolf and her fitness as a parent, which the court granted.  The case was dismissed after further negotiations with Silek, and the completion of a psychiatric evaluation which determined that Wolf did not pose a danger to herself or the children.

Plaintiffs seek to recover on numerous claims, however, Defendants now seek to dismiss only Count VI, a claim for malicious prosecution.  This motion is currently before the Court.

## II.  Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991)

(citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### III.  Analysis

Defendants move to dismiss Count VI of the Complaint, a claim for malicious prosecution, on two separate grounds.  First, Defendants move to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Second, Defendants contend the claim should be dismissed since they are entitled to absolute immunity.

To state a claim for malicious prosecution pursuant to 42 U.S.C. § 1983, a plaintiff must allege the common law elements of a malicious prosecution claim arising from a deprivation of Fourth Amendment rights, such as an unreasonable seizure. *Lambert v. Williams,* 223 F.3d 257, 260 (4th Cir. 2000).  Defendants do not contest that Plaintiffs properly pled the common law elements of malicious prosecution, but instead argue that the complaint does not allege sufficient facts to establish a "seizure" in violation of the Fourth Amendment.  With no associated seizure, there can be no cognizable malicious prosecution claim.  *Smith v. McCluskey*, 126 Fed. Appx. 89, 94 (4th Cir. 2005).

Plaintiff claims that she was subjected to numerous seizures in violation of the Fourth Amendment.  Plaintiff argues a seizure by the deprivation of her liberty interest in being required to (1) call to "check in" with the guardian ad litem and

DSS; (2) meet with psychiatrists for psychiatric evaluation; (3) allow DSS into her home; (4) participate in counseling (5) provide access to her children for interviews; and (6) permit access to records and other individuals involved in her children's lives.

A seizure occurs in the Fourth Amendment context when a reasonable person would not feel free to disregard the authorities and leave and go about his business. *See Florida v. Bostick,* 501 U.S. 429, 434 (1991); *Terry v. Ohio,* 392 U.S. 1, 19 n.16 (1968)(A seizure occurs "when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen."). The Fourth Circuit has never extended a Fourth Amendment seizure outside of the context of arrest. In *Burrell v. Commonwealth,* the Court of Appeals had the opportunity to make such a holding, but saved the question for another day since it found probable cause. 395 F.3d 508, 514 n.6 (4th Cir. 2005). In *Burrell*, the plaintiff alleged that a summons to court was a seizure under the Fourth Amendment. After declining to rule, the Fourth Circuit still noted:

> Whether a summons constitutes a seizure for Fourth Amendment purposes is not clear. *See Briton v. Maloney*, 196 F.3d 24, 30 (1st Cir. 1999)("Absent any evidence that [plaintiff] was arrested, detained, restricted in his travel, or otherwise subject to a deprivation of his liberty before the charges against him were dismissed, the fact that he was given a date to appear in court is insufficient to

>       establish a seizure within the meaning of the
>       Fourth Amendment.").

*Id.* at 514 n.6.  Although clearly dicta, this footnote may suggest the Fourth Circuit's subtle approval of the holding in *Briton v. Maloney* in the First Circuit.

In this case, Plaintiff does not wish to only extend the definition of seizure to a summons, but instead, to extend it to include, *inter alia*, a requirement to make phone calls and meet with psychiatrists and counselors.  A summons is a rigid appointment with the court at a specific date and time, and failure to attend could result in a fine or incarceration.  The facts alleged by Plaintiff do not describe a deprivation of liberty even as burdensome as a summons, as Plaintiff could meet with counselors and call to "check in" at anytime during the specific time period.  Without some inclination by the Fourth Circuit to vastly expand its definition, this Court cannot hold that Plaintiff, after having been required to make phone calls and meet with psychiatrists and counselors, has alleged sufficient facts to constitute a "seizure" in violation of the Fourth Amendment.[1]

---

[1] The cases cited by Plaintiff in which the Second, Third, and Fifth Circuits apply an extended definition of seizure beyond physical detention are factually distinguishable from this case.  *Gallo v. City of Philadephia,* 161 F.3d 217 (3d Cir. 1998); *Murphy v. Lynn*, 118 F.3d 938, 945 (2d Cir. 1997); *Evans v. Ball*, 168 F.3d 856, 861 (5th Cir. 1999).  In each of those cases, plaintiffs experienced significantly greater hardship than Plaintiff's complaint alleges in this case.

In conclusion, Plaintiff's claim of malicious prosecution is insufficient as a matter of law due to the failure to allege a seizure within the meaning of the Fourth Amendment. Accordingly, the claim will be dismissed under Rule 12(b)(6).[2]

### IV.   Conclusion

For the foregoing reasons, Defendants' motion to dismiss will be granted.

December 12, 2006  
Alexandria, Virginia

_____/s/_____  
James C. Cacheris  
UNITED STATES DISTRICT COURT JUDGE

---

[2] Since the Court has dismissed Plaintiff's Count VI for failure to state a claim upon which relief can be granted, it does not reach Defendants' argument that it is entitled to absolute immunity.